UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID A. MCKEAN,<br><br>    Defendant. | CASE NO. CR17-5043 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND GRANTING MOTIONS TO SEAL AND MOTION TO FILE OVERLENGTH BRIEFING |

This matter comes before the Court on Defendant David McKean's motion for compassionate release, Dkt. 34, and motion to seal, Dkt. 35, and the Government's motion for leave to file overlength response, Dkt. 41, and motion to seal, Dkt. 43. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for compassionate release for the reasons stated herein.

## I.   FACTUAL & PROCEDURAL BACKGROUND

On March 31, 2017, McKean pled guilty to one count of Felon in Possession of a Firearm. Dkts. 21, 22. On July 20, 2017, McKean was sentenced to 30 months' custody

to run consecutive with the 21-month prison sentenced imposed in No. CR 14-75-MJP for McKean's violation of supervised release. Dkts. 29, 30.

On July 2, 2020, the Bureau of Prisons ("BOP") transferred McKean to a Residential Reentry Center as a prerelease resident. However, McKean escaped on August 11, 2020, and the BOP records state that McKean used drugs or alcohol that evening. McKean was then transferred back to the SeaTac Federal Detention Center ("FDC"), where he is currently housed. McKean is projected to be released on February 23, 2021.

On November 24, 2020, McKean filed a motion for compassionate release, Dkt. 34, and a motion to seal, Dkt. 35. On December 4, 2020, the Government responded, Dkt. 42, and filed a motion for leave to file overlength response, Dkt. 41, and a motion to seal, Dkt. 43. On December 10, 2020, McKean replied. Dkt. 45.

## II.   DISCUSSION

### A.   Motions to Seal and Motion for Leave

Regarding the motions to seal, McKean and the Government assert that the exhibits submitted in support of their motions contain his personal and medical information and should remain under seal. Dkts. 35, 43. The Court agrees that this information should remain confidential and therefore grants the motions. The Court also grants the Government's unopposed motions to file supporting and opposition briefs, respectively, in excess of the twelve-page limitation imposed by Local Criminal Rule 12(b)(5) of the Rules of the United States District Court for the Western District of Washington.

**B.      Motion for Compassionate Release**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> \*\*\*
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence

reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> \*\*\*
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13.

Recently, Judge Thomas S. Zilly has provided a non-exhaustive list of factors federal courts have considered in determining whether a defendant has extraordinary and compelling reasons for compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20, 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of

      severe COVID-19"); (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease, *see United States v. Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

      The Court finds these factors useful, instructive, and consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with recent COVID-19 cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and compelling reasons without additional evidence of other

risk factors). The Court has discretion to consider the factors provided by Judge Zilly in determining whether McKean has extraordinary and compelling reasons.[1]

Here, McKean asserts that his chronic Crohn's disease is an extraordinary and compelling reason to warrant his release. McKean's BOP medical records reflect that McKean does in fact have a diagnosis for Crohn's disease and is currently prescribed Humira. One possible side effect of his prescription is a lowered ability for the immune system to fight off infections. This side effect could create complications if McKean were infected with COVID-19, but it is speculative. McKean fails to provide any reliable evidence that his Crohn's disease renders him more vulnerable to severe illness from COVID-19. Most importantly, the CDC does not recognize Crohn's disease as a medical condition that increases the risk of severe illness from COVID-19.[2]

---

[1] In the application of USSG § 1B1.13, the Commission has described three categories of potentially "extraordinary and compelling reasons," namely medical condition, age, and family circumstances, *see* USSG § 1.B1.13 cmt. n.1(A)–(C), as well as a "catch-all" provision, *id.* cmt. n.1(D), which "opens the door" to considering factors other than those specifically enumerated, *United States v. McPherson*, 454 F. Supp. 3d. 1049 (W.D. Wash. 2020). However, USSG § 1B1.13 has not been updated since the passage of the First Step Act of 2018, and district courts have largely found that the Commission's list of extraordinary and compelling reasons is not binding, but rather helpful guidance. *See United States v. Almontes*, No. 3:05-cr-58 (SRU), 2020 WL 1812713, at *3 (Apr. 9, 2020 D. Conn.) (providing a list of cases from around the country addressing whether the Commission's list is binding). The Court therefore concludes that, given the "catch-all" provision and the non-binding status of the comments to USSG § 1B1.13, it has discretion to construe the meaning of extraordinary and compelling reasons. *See Grubbs*, 2020 WL 3839619, at *2 n.2.

[2] *See* Center for Disease Control and Prevention, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Dec. 1, 2020).

McKean has a history of smoking heroin, and the CDC does recognize being a current or former smoker as increasing the risk of severe illness from COVID-19. But when balanced against the other factors, smoking alone is insufficient to establish an extraordinary and compelling reason to warrant compassionate release. McKean is relatively young and has not presented evidence of other risk factors to his health. *See United States v. Rogers*, No. 1:16-cr-00072, 2020 WL 5440352, at *5 n.5 (E.D. Cal. Sep. 10, 2020) (denying motion for compassionate release from inmate with Crohn's disease and noting "[w]hile it is true that what we know about COVID-19 is changing daily, the CDC regularly updates its guidelines, yet it has not identified Crohn's disease or gastrointestinal issues generally as placing individuals at higher risk due to COVID-19.") (internal quotations and citations omitted). McKean has failed to meet his burden to establish an extraordinary and compelling reason warranting release, and the Court therefore denies McKean's motion for compassionate release without prejudice.

### III.  ORDER

Therefore, it is hereby **ORDERED** that McKean's motion for compassionate release, Dkt. 34, is **DENIED** without prejudice and his motion to seal, Dkt. 35, is **GRANTED** and that the Government's motion for leave, Dkt. 41, is **GRANTED** and its motion to seal, Dkt. 43, is **GRANTED**.

Dated this 22nd day of December, 2020.

BENJAMIN H. SETTLE
United States District Judge